UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Peter Brost, as Trustee for
the Heirs and Next-of-Kin of
Judy Mae Brost,

    Plaintiff,

v.                                    MEMORANDUM OPINION
                                            AND ORDER
                                       Civil No. 10-2016 (MJD/RLE)

BNSF Railway Company,
d/b/a the Burlington Northern
and Santa Fe Railway Company
and Rodney Mason, as Special
Administrator for the Estate of
David Brost, deceased,

    Defendants.
_____

      Courtney A. Lawrence and Richard J. Nygaard, Schwebel, Goetz & Sieben, P.A., Counsel for Plaintiff.

      Timothy R. Thornton, Kevin M. Decker and Jonathan P. Schmidt, Briggs and Morgan, P.A., Counsel for Defendant BNSF.

_____

      David and Judy Brost were both killed in an accident in which the car driven by David Brost collided with a BNSF train. Plaintiff brought this wrongful death action on behalf of the Heirs and Next-of-Kin of Judy Brost in

1

state court, asserting negligence claims against Defendants.

BNSF removed this action to federal court on the basis that Plaintiff fraudulently joined the estate of David Brost as a defendant in order to defeat diversity jurisdiction. Currently before the Court is Plaintiff's motion to remand this action to state court.

**Standard for Remand**

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). In reviewing a motion to remand, the court must resolve all doubts in favor of a remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1983)(citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3rd Cir. 1987) cert. dismissed 484 U.S. 1021 (1988)).

"Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendant." Wiles v. Capitol Indemnity Corporation, 280 F.3d 868, 870 (8th Cir. 2001). The burden is on the removing party to show that there is no possibility

that the plaintiff will be able to state a cause of action against the resident defendant or that there has been outright fraud in the pleading of jurisdictional facts. Parnas v. General Motors Corporation, 879 F. Supp. 91, 92 (E.D. Mo. 1995). In deciding this issue, the Court may consider the pleadings and supporting affidavits. Id. The Court must remand to state court if "there is even a possibility" that plaintiff has stated a colorable cause of action against the in-state defendants." Williams v. Motel 6 Multipurpose, Inc., 120 F. Supp.2d 776, 779 (E.D. Ark. 1998).

**Analysis**

Plaintiff asserts that this Court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are not diverse. Defendant Rodney Mason, the Special Administrator of the Estate of David Brost, is a Minnesota resident, as is Plaintiff. In addition, Plaintiff asserts that he has sufficiently put BNSF on notice of his claim that if David Brost is found to be negligent, then Plaintiff is entitled to judgment against David Brost.

With regard to David Brost, Plaintiff alleges the following:

> 61. Defendant railroad has claimed that the accident was the fault of co-defendant David J. Brost, deceased, who is claimed to be negligent in the operation of his vehicle in which Judy Brost was killed. If that is the case,

Plaintiff is entitled to judgment against co-defendant Brost.

62. As a result of the negligence and fault of the defendants, plaintiff has incurred damages as allowed by Minnesota Statutes for the wrongful death of Judy Mae Brost.

Because Minnesota is a notice pleading state, Plaintiff asserts that the allegations in the Complaint sufficiently put BNSF on notice of Plaintiff's theory of recovery as against David Brost.

BNSF argues that in determining whether a party is fraudulently joined, such inquiry must focus on what the complaint says about David Brost's fault. BNSF argues that Plaintiff has not articulated a cause of action against David Brost. Rather, he merely alleges that BNSF may attempt to allocate fault to David Brost. Notice pleading requires that the plaintiff plead all essential elements of a cognizable legal claim against a non-diverse defendant, otherwise such defendant's citizenship is disregarded for jurisdictional purposes. Williams, 120 F. Supp.2d at 779.

The Court finds that the Complaint sufficiently puts BNSF on notice of the legal claim asserted against David Brost. Plaintiff has alleged that "[a]s a result of the *negligence* and fault of the defendants" Plaintiff is entitled to judgment. (Comp. ¶ 62.) While most of the allegations in the Complaint focus on BNSF's

alleged negligence and fault, Plaintiff is nonetheless entitled to assert alternative claims. In addition, there is clearly a possibility that a finder of fact could find David Brost at least partially at fault for the accident.

Nonetheless, where there is a question as to the sufficiency of the complaint against a non-diverse defendant, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Iowa Public Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 n.6 (8th Cir. 1977). Accordingly, the Court will grant Plaintiff's motion to remand.

Plaintiff argues that as BNSF did not have an objectively reasonable basis upon which to remove this case to federal court, Plaintiff is entitled to attorney's fees for bringing this motion to remand. Martin v. Franklin Capital Corp. 546 U.S. 132, 141 (2005). As discussed above, fraudulent joinder exists only if there is absolutely no viable claim against the non-diverse defendant. Here, it is clear that there is a viable negligence claim against David Brost.

BNSF argues that there was an objectively reasonable basis for removal. The complaint contains no allegations which would support a finding of negligence against David Brost or that demonstrate an intent to proceed against

5

David Brost. Under these circumstances, attorney's fees should not be imposed.

The Court finds that based on the underlying factual allegations contained in the Complaint, BNSF did not have an objectively reasonable basis upon which to remove the matter to federal court. As noted above, the Complaint sufficiently put BNSF on notice of a negligence claim against David Brost.

Accordingly,

IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Remand [Doc. No. 6] is GRANTED. This matter is hereby remanded to Minnesota State District Court, Fourth Judicial District, County of Hennepin.

2. Plaintiff is hereby awarded attorney's fees and costs in the amount of $2,725.00.

Date: July 19, 2010

s/ Michael J. Davis  
Michael J. Davis  
Chief Judge  
United States District Court